U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 06 2016

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **RICHARD SCROGGINS (#101395)** | **DOCKET NO. 15-cv-2711; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **GLORIA A. STOKES, ET AL.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Richard Scroggins filed the instant civil rights complaint *in forma pauperis* and pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. He names as defendants WCC, Captain Ward, Gloria Stokes, K. Bradford, Bobby Tolar, and the WCC Warden. Plaintiff claims that he was subjected to excessive force in July 2014, after Defendant Stokes accused him of assault.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

### *Factual Allegations*

In a previous civil rights complaint filed in this Court, Plaintiff alleged that Defendant Gloria Stokes brought "some money and drugs" to WCC in an attempt to "frame" Plaintiff. (1:15-cv-1768, Doc. 1, p.1). He claimed that, on July 8, 2014, Case Manager Stokes accused Plaintiff of physically assaulting her, and that he was handcuffed and slammed to the concrete by Captain Ward. (1:15-cv-1768, Doc. 4). Plaintiff also alleged that Captain Tolar

threatened to place Plaintiff on lock-down if he did not withdraw an administrative grievance. (1:15-cv-1768, Doc. 4). On August 28, 2015, the complaint was dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) and 1915A. (1:15-cv-1768; Doc. 30). Plaintiff appealed to the Fifth Circuit Court of Appeals, but on December 23, 2015, the appeal was dismissed for want of prosecution. (1:15-cv-1768; Doc. 37).

Plaintiff filed the instant civil rights complaint on November 17, 2015, representing to this Court that his prior complaint, 1:15-cv-1768, had been voluntarily withdrawn. In this new compliant, Plaintiff attempts to state the same claims against Defendants Stokes, Ward, and Bradford that were previously raised in case number 1:15-cv-1768.

### *Law and Analysis*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be

granted, or if it seeks monetary relief against a defendant who is immune from such relief.

"Repetitious litigation of virtually identical causes of action is subject to dismissal ... as malicious." See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)(per curiam). A complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation. See Segue v. Carollo, 2015 WL 2089759 (E.D. La. 4/30/15), citing McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at * 1-2 (N.D. Tex. June 6, 2003) (Ramirez, M.J.) (quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.1989); Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993).

Additionally, an *in forma pauperis* prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal where the suit raises claims that are duplicative of a prior suit filed by the same prisoner in federal court. See Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); 28 U.S.C. § 1915(e)(2). Because this lawsuit by Plaintiff is duplicative, allowing it to proceed would be "redundant and an impermissible waste of judicial

3

resources." See Moore v. U.S. Marshals Service, 2010 WL 1978938, citing Mayfield v. Collins, 918 F.2d 560, 561-62 (5th Cir. 1990).

To the extent that Plaintiff attempts to add new, additional defendants in this case, his claim is malicious because it arises out of a common nucleus of operative facts that could have been brought in the prior litigation. See Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993)(a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation); Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989)("res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus").

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

### Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as**

4

supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 6 day of January, 2016.

Hon. Joseph H.L. Perez-Montes
United States Magistrate Judge